**Carl F. WOODS, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

**No. 85–1492.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 17, 1986.

Decided Jan. 9, 1987.

Gary M. Busch, Southfield, Mich., for plaintiff-appellant.

Joel M. Shere (argued), Ellen G. Ritteman, Detroit, Mich., for defendant-appellee.

Before MERRITT and WELLFORD, Circuit Judges; and EDWARDS, Senior Circuit Judge.

MERRITT, Circuit Judge.

In this substantial evidence, Social Security case plaintiff Woods appeals from the Secretary's denial of his application for disability benefits. The Secretary, through an administrative law judge and the Appeals Council, determined that Woods cannot perform his former job as a forklift driver in a factory but that he can perform a limited range of sedentary work and has the skills to be a messenger car driver. We do not believe the evidence supports the Secretary's conclusion and reverse and remand for benefits.

The medical evidence clearly establishes that Woods, a hearing-impaired, 60-year-old man, suffers from a history of back pain, heart problems and high blood pressure. As explained by Dr. McGuire, Woods had surgery for a herniated disc in 1981 which was only partially successful and only temporarily lessened his back pain. Woods must take Tylenol #3 frequently. He also takes Congard for heart problems and Dyazide for high blood pressure. His back pain prevents Woods from standing, walking or lying in one position for normal periods of time. He is unable to go up and down stairs because of weakness in his legs and back. He can walk only with a cane.

The ALJ's error stems from the fact that he relied upon a statement by the vocational expert that there are 3,500 sedentary jobs as in-plant vehicle drivers in the Detroit area to conclude that the vocational expert believed that Woods could work as a messenger car driver. This reliance on the vocational expert is in conflict with the main thrust of the vocational expert's testimony. The vocational expert testified: "I was asked, given his testimony ... whether or not he could perform his past relevant work. And my answer was no. I was asked whether or not given his testimony and his past relevant work was there any other work he could do. And I said no." Joint Appendix at 76, 81.

When read in context the vocational expert's testimony does not support the conclusion attributed to the vocational expert by the ALJ. At oral argument the attorney for the Secretary conceded as much. She conceded that the ALJ decision cannot be supported on the present record and recommended a remand.

The medical evidence in the present record shows that Woods cannot perform sedentary work or work as a messenger vehicle driver. We do not believe a remand is necessary. The evidence submitted by Drs. Mondry, Mahadevan, and McGuire constitutes the significant medical evidence, and their reports all clearly support a finding of total disability. For example, Dr. Mondry gave the following opinion:

> Mr. Woods is a 57-year-old white male who had an acute interior wall myocardial infarction on 12–11–82 and now he has incapacitating angina pectoris and he is totally disabled from the point of view of coronary artery disease. The patient, in addition, is totally disabled from status post lumbosacral disc surgery and he continues to have severe incapacitating low backache with restriction of motion. He also has hypertension.... He is totally disabled as I stated.

JA 6.

We do not. find any medical or clinical findings which are inconsistent with this view of Mr. Woods' condition.

Accordingly, the judgment of the District Court is reversed with instructions to remand the case to the Secretary for an award of benefits consistent with this opinion.

WELLFORD, Circuit Judge, concurring:

The Administrative Law Judge in this case found that "until recently" before the hearing, claimant had been "driving regularly," and that his use of a cane, used because of his back condition, did not preclude his driving in some form of "sedentary work," although it would prevent his continuing work as a "fork lifter." The Appeals Council found "no basis" under the regulations for granting review and/or reversal of the ALJ's decision. Magistrate Carlson, on appeal, recommended that judgment be affirmed for the Secretary since, among other reasons, "Dr. Mondry's tardy report was properly given little weight as his conclusions were unsupported by any objective clinical test results." Judge Guy approved the report and recommendation of the magistrate.

In light of the record and the conclusions of those who had previously reviewed it, I was disposed to agree with the initial suggestion of the attorney for the Secretary appearing before this court that in view of some inconsistency in the testimony of the vocational expert at the ALJ hearing there

should be a remand. When the attorney for the Secretary conceded at oral argument, however, that claimant may be entitled to benefits based on the present record, I concluded that I would not disagree with the majority view that the decisions should be reversed and that benefits be awarded. The concession by the Assistant United States Attorney was apparently based on Woods' testimony that he was forced to use a cane and had used it regularly since he "came out of the hospital...."

I would award benefits, *not* based on Dr. Mondry's unsupported conclusion dated March, 1983, but rather on Dr. Mahadevan's opinion dated July 1, 1982, the other evidence bearing upon Woods claims of disabling pain, and, as stated, the concessions made by the Secretary's representative at oral argument.