836 F.2d 551
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Betty R. WILSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-5171.
 United States Court of Appeals, Sixth Circuit.
 Dec. 31, 1987.
 
 Before KEITH, NATHANIEL R. JONES and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant Betty R. Wilson appeals from the judgment of the district court affirming the Secretary's denial of disability insurance benefits. For the reasons that follow, we vacate the judgment of the district court and remand for an award of benefits.
 
 I.
 
 2
 On November 26, 1983, claimant Betty Wilson filed an application for a period of disability and disability insurance benefits, alleging an onset date of June 14, 1983. Her claim was denied initially and upon reconsideration. On February 8, 1985, a hearing was held before an Administrative Law Judge. Claimant testified at the hearing and was represented by counsel. After considering the testimony and the medical evidence of record, the ALJ concluded that, although claimant was unable to perform her past relevant work as a supermarket security guard, she was capable of performing a full range of sedentary work. Accordingly, benefits were denied.
 
 
 3
 The Appeals Council denied review, and thus the decision of the ALJ became the final decision of the Secretary. Plaintiff subsequently sought judicial review in the United States District Court for the Eastern District of Kentucky. On December 18, 1985, the district court adopted the recommendation of the Magistrate that the claim be remanded to the Secretary for further evidence regarding the loss of strength in claimant's hands.
 
 
 4
 A second administrative hearing was held on May 13, 1986. Once again, claimant appeared and was represented by counsel. In addition to plaintiff's testimony, the ALJ heard testimony from a vocational specialist who indicated that, assuming claimant could do a full range of sedentary work, a significant number of jobs existed in the national economy for which claimant was qualified. On the basis of the medical record and the testimony of the vocational expert, the ALJ issued a recommended decision in which he concluded that claimant was not disabled.
 
 
 5
 The Appeals Council granted claimant's request for review, but adopted the decision of the ALJ after modifying it to give closer attention to claimant's alleged somatoform disorder. Once again, claimant sought review in the district court. On December 8, 1986, the Magistrate issued a Report and Recommendation that the denial of benefits be affirmed. On January 14, 1987, the Report and Recommendation of the Magistrate was adopted by the district court. In this appeal, claimant argues that the decision of the Secretary is not supported by substantial evidence.
 
 II.
 A.
 
 6
 Claimant first argues that the Appeals Council erred in analyzing her psychological impairment under Listing 12.07 of 20 C.F.R. Pt. 404, Subpt. P., App. 1, which governs evaluation of somatoform disorders. She contends that her impairment should have been analyzed under Listing 12.04 which applies to depression.[1]
 
 
 7
 The record indicates that Dr. Westerman, claimant's treating physician, characterized her impairment as depression and that he treated her with an antidepressive drug. This diagnosis is consistent with the opinions of Dr. Pagani, who performed a neurological consultation, and Dr. Parsons, who performed a psychological evaluation.
 
 
 8
 Although the ALJ rejected the diagnosis of claimant's treating physician, we conclude that he did not commit reversible error in so doing. The opinion of the treating physician is entitled to substantial deference; however, the ALJ is not bound by his conclusions. King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). The ALJ may reject the opinion of the treating physician if he gives reasons for so doing. See MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986); Jones v. Heckler, 760 F.2d 993, 997 (9th Cir.1985). The ALJ's failure to give conclusive deference to the opinion of Dr. Westerman in an area outside of his expertise was not unreasonable. Such a result is particularly appropriate where, as here, the specialist had the benefit of test results not made available to the treating physician.
 
 
 9
 Moreover, we conclude that substantial evidence supports the conclusion that claimant's disorder is properly characterized as a somatoform disorder. Dr. Roebker concluded that claimant does not suffer from depression, but instead has a tendency to exaggerate her physical impairments. This opinion comports with Dr. Parson's conclusion that claimant's scores on the Minnesota Multi-Phasic Personality Inventory were consistent with hypochondriasis. Thus, we reject claimant's contention that her psychological impairment was improperly evaluated.
 
 B.
 
 10
 Claimant further contends that the Secretary's decision is not supported by substantial evidence because the conclusion that she retains the capacity to perform sedentary work is based upon an incorrect interpretation of her treating physician's opinion. We believe this argument is well-founded.
 
 
 11
 In his recommended decision issued July 10, 1986, the ALJ stated that "claimant's treating physician, Dr. Westerman, indicated that the claimant is limited to doing sedentary activity by her physical condition." J.A. at 227. On the basis of this evaluation, which he recognized was entitled to considerable deference, the ALJ concluded that claimant retains the residual functional capacity to perform sedentary work.
 
 
 12
 A close reading of Dr. Westerman's evaluation reveals that he concluded claimant is disabled from her past relevant work and from any other work. Even the Secretary acknowledges that "Dr. Westerman stated in 1984 and 1986 that claimant could not perform her own, or any other, work." Brief at 11.
 
 
 13
 As noted above, the treating physician's opinion, although not conclusive, is entitled to substantial deference. King, 742 F.2d at 973. Through his misinterpretation, the ALJ failed to give the opinion of the treating physician the deference to which it is entitled. Accordingly, we conclude that the ALJ's decision regarding claimant's residual functional capacity is highly suspect. Cf. MacGregor, 786 F.2d at 1053 (ALJ's failure to properly consider treating physician's opinion constitutes reversible error).
 
 C.
 
 14
 Even if we were willing to assume, arguendo, that the Secretary's evaluation of claimant's residual functional capacity is supported by substantial evidence, we would still be compelled to revedrse because the Secretary has failed to carry his burden of demonstrating that claimant can perform a significant number of jobs existing in the national economy. When this case was first considered by the district court, a remand was ordered for the purposes of considering the extent to which claimant's nonexertional manipulative impairment diminished the number of jobs she could perform at the sedentary level.[2]
 
 
 15
 At the second administrative hearing, the ALJ elicited testimony from a vocational expert who testified that claimant possessed no skills transferable to sedentary work. The vocational expert indicated that, assuming claimant could perform a full range of sedentary work, she could perform numerous jobs in the regional economy. The ALJ did not ask the vocational expert to evaluate the impact of claimant's manipulative impairments upon the occupational base.[3] The vocational expect explicitly stated that her conclusion regarding the number of available jobs was based upon the assumption that claimant was not restricted in the use of her hands.
 
 
 16
 We conclude that, under these circumstances, the Secretary's determination of nondisability cannot be upheld. Once the ALJ concluded that claimant was no longer capable of performing her past relevant work, the burden shifted to the Secretary to show that she is capable of performing substantial gainful employment. Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980).
 
 
 17
 The Secretary may carry this burden by eliciting testimony from a vocational expert. However, such testimony constitutes substantial evidence to support a denial of benefits only when it is given in response to a hypothetical accurately portraying the nature and extent of the claimant's impairments. See, e.g., Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir.1985) (per curiam); Podedworny v. Harris, 745 F.2d 210, 218-19 (3d Cir.1984); Wallace v. Secretary of Health & Human Services, 722 F.2d 1150, 1155 (3d Cir.1983) (per curiam); McMillian v. Schweiker, 697 F.2d 215, 221 (8th Cir.1983).
 
 
 18
 In the present case, the vocational expert expressly conditioned her testimony on the absence of a manipulative restriction. We conclude that, on the basis of the medical evidence and claimant's testimony,[4] this assumption is not supported by substantial evidence. Accordingly, the vocational expert's testimony fails to support the conclusion that claimant is not disabled.
 
 D.
 
 19
 The only issue remaining for our consideration is the appropriate remedy. We conclude that, because the Secretary has failed to carry his burden of proof at the final stage of the sequential evaluation process, and because the record does not support the conclusion that claimant can perform a significant number of jobs in the national economy, an award of benefits is appropriate. See Woods v. Secretary of Health & Human Services, 808 F.2d 506, 507 (6th Cir.1987); MacGregor, 786 F.2d at 1054-55.
 
 III.
 
 20
 The judgment of the district court is VACATED. This case is REMANDED with instructions to grant an award of benefits.
 
 
 
 [1]
 We recognize that the decision of the Appeals Council is the final decision of the Secretary and that its opinion is entitled to deference in the case of conflict with the opinion of the ALJ. See Mullen v. Bowen, 800 F.2d 535, 546 (6th Cir.1986) (en banc). Because the opinion of the Appeals Council merely clarifies and expands upon the ALJ's opinion, we conclude that this consideration is relatively insignificant to our determination
 
 
 [2]
 The record indicates that claimant has undergone two surgeries for carpal tunnel syndrome. She complains of arthritis and swelling in her hands. In March 1984, she underwent surgery for the removal of a ganglion cyst from her right wrist. Claimant testified that she has difficulty picking up pins, needles and change, and that tasks such as scouring the sink cause severe pain. She also indicated that she has difficulty opening and closing buttons
 Dr. George Parsons, who evaluated claimant on December 5, 1985, concluded that claimant scored at the lowest possible stanine on tests designed to evaluate motor coordination, finger dexterity and manual dexterity. Dr. Dave Roebker reported that claimant scored a 4 on an object assembly test.
 
 
 [3]
 He did ask whether the presence of a manipulative impairment would diminish the number of inspector jobs available in the area, and the vocational expert responded that such jobs do require some manual dexterity. J.A. at 259
 
 
 [4]
 See note 2, supra