985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ali A. SAEED, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-1698.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1993.
 
 1
 Before KENNEDY and BATCHELDER, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 Ali A. Saeed appeals a district court judgment which affirmed the Secretary's denial of his applications for social security disability benefits and supplemental security income. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this case.
 
 
 3
 An administrative law judge ("ALJ") found that Saeed was unable to perform his past work because he had severe back pain due to degenerative arthritis and disc disease. However, the ALJ also found that Saeed was able to perform a significant number of light jobs despite his impairments. Thus, the ALJ found that Saeed was not disabled by relying on the testimony of a vocational expert within the framework of the medical-vocational guidelines ("grids") that are found at 20 C.F.R. Part 404, Subpart P, App. 2, Rule 202.16. The ALJ's opinion became the final decision of the Secretary on July 26, 1991, when the Appeals Council declined further review.
 
 
 4
 Saeed sought review of the Secretary's decision in federal court. On May 14, 1992, the district court adopted a magistrate judge's recommendation and entered a summary judgment in favor of the Secretary. It is from this judgment that Saeed now appeals.
 
 
 5
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 6
 Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted). Our review of the record shows that substantial evidence supports the Secretary's finding that Saeed can perform a limited range of light work. Nevertheless, a remand is necessary because the record does not contain substantial evidence which would support a finding that a significant number of jobs are available to Saeed despite his impairments.
 
 
 7
 The ALJ did not err by discrediting Saeed's allegations of disabling pain insofar as he found that Saeed could perform a limited range of light work. The primary difference between the ALJ's findings and Saeed's testimony involves Saeed's ability to perform the lifting requirements of light work. Saeed's treating physician reported that his ability to perform prolonged or repetitive lifting was generally limited. However, the only specific evidence on this point is a consultant's assessment, which indicates that Saeed can lift well over the twenty pounds that are required for light work. Moreover, the ALJ did afford some deference to Saeed and to his treating physician by finding that Saeed could only perform a limited range of light work, rather than the heavy work that he had done in the past or the medium work that is indicated by the consultative assessment.
 
 
 8
 Nevertheless, Saeed correctly argues that the vocational testimony failed to show that he was not disabled. As Saeed cannot perform his past work, the burden shifted to the Secretary to show that a significant number of other jobs were still available to him despite his impairments. Born v. Secretary of HHS, 923 F.2d 1168, 1173 (6th Cir.1990). The Secretary could not rely exclusively on the grids to satisfy this burden because Saeed cannot perform a full or wide range of light work. See Abbott v. Sullivan, 905 F.2d 918, 926-27 (6th Cir.1990). Thus, the Secretary relied on the testimony of a vocational expert to support his finding that Saeed was not disabled. The testimony of a vocational expert must be based on a hypothetical question that fairly describes the claimant's physical and mental impairments. Varley v. Secretary of HHS, 820 F.2d 777, 779 (6th Cir.1987). The ALJ found that Saeed's physical impairments limited his ability to sit without the option to stand, to walk, to climb, to twist and to bend. However, the questions posed to the vocational expert do not fairly describe all of these restrictions. Moreover, these restrictions were not clearly taken into account when the expert testified regarding the availability of specific jobs.
 
 
 9
 The ALJ initially asked the expert if there were light and sedentary, unskilled jobs in the local economy. The expert responded that there was "[p]acking, sorting, assembly work, porter work, janitorial work. And you're roughly talking about anywhere from 1,500 to 2,000 jobs in each of those categories." However, this exchange took place before there was any discussion of Saeed's restrictions. The vocational expert never indicated how many of these jobs would be available if these restrictions were mild, moderate or severe. See Graves v. Secretary of HEW, 473 F.2d 807, 810 (6th Cir.1973). The expert subsequently testified that these jobs involved "walking distances." However, he did not indicate how many of them would be available to a claimant like Saeed, who was restricted to walking only a half mile. Similarly, the expert testified that a need to get up and move around would "impede upon" these jobs. However, he did not indicate how many of the jobs would still be available to a claimant like Saeed, who required a sit-stand option. Saeed may not be able to perform all of the jobs initially described by the vocational expert because the ALJ specifically found that his ability to perform light work was reduced by a need to alternate between sitting and standing. The same may also be true regarding Saeed's limited ability to walk, bend, twist and climb. Therefore, a remand is needed to clarify the vocational testimony as to the number of jobs that are available to Saeed despite these restrictions. See Woods v. Secretary of HHS, 808 F.2d 506, 507 (6th Cir.1989).
 
 
 10
 Saeed argues that the grids direct a finding of disability because he is approaching advanced age, is incapable of performing a full range of light or sedentary work, is unskilled, has no transferable skills and has difficulty communicating in English. Cf. 20 C.F.R. Part 404, Subpart P, App. 2, Rules 201.00(h), 201.17 and 202.00(c). However, the cited rules are not determinative in Saeed's case because he is not in the advanced age group or limited to sedentary work. Moreover, while the vocational evidence in the present case is still unclear, a finding that Saeed is not disabled is possible within the framework of Rule 202.16.
 
 
 11
 Saeed also argues that the Secretary's motion for summary judgment was not filed within the time prescribed by the magistrate judge. Our decision to vacate the summary judgment renders that argument moot.
 
 
 12
 Accordingly, the district court's judgment is vacated and Saeed's case is remanded, with directions to remand the case to the Secretary for development and clarification of the vocational record. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, U.S. District Judge for the Southern District of Ohio, sitting by designation