Willie O. PENDLEY, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 85–7099

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 12, 1985.

George W. Harris, Legal Services Corp. of Alabama, Inc., Tuscaloosa, Ala., for plaintiff-appellant.

Mark E. Tippins, Birmingham, Ala., for defendant-appellee.

Before VANCE, HENDERSON and CLARK, Circuit Judges.

PER CURIAM:

The appellant, Willie O. Pendley, appeals a final decision of the Secretary of Health and Human Services denying his applications for disability insurance benefits and supplemental security income. The district court affirmed the Secretary's decision. Because the Administrative Law Judge's (ALJ's) decision is not supported by substantial evidence, we reverse the judgment of the district court.

The appellant is a 32 year old man who has an eighth grade education and previously worked as a security guard, truck driver, and draw frame operator in a cotton mill. The ALJ found that the appellant was unable to perform his past relevant work. Thus, the burden shifted to the Secretary "to show that he [could] perform other gainful employment available in the economy." *Brenem v. Harris*, 621 F.2d 688, 689 (5th Cir.1980).

The appellant was not represented by counsel at the hearing before the ALJ.[1] At

the hearing, the ALJ elicited testimony from Dr. William A. Crunk, Jr., a vocational expert. Dr. Crunk was present during the hearing. The ALJ asked Dr. Crunk a hypothetical question in which he requested the expert to assume several factors. Dr. Crunk responded that the appellant could perform work as a packager, sorter, handler and automatic machine operator. *See Record* Vol. II at 45–46.

The appellant claims that the testimony of the vocational expert was crucial to the ALJ's decision. In its brief, the Secretary concedes this point by observing that "[t]o satisfy the Secretary's burden of demonstrating the existence of jobs within this restricted range, the ALJ relied upon the testimony of a vocational expert ... *who testified that such jobs did exist based upon the hypothetical question.*" *Brief of Appellee* at 33 (emphasis added).

The appellant contends that the hypothetical question posed by the ALJ did not comprehensively describe the appellant's impairments. We agree. The ALJ requested the expert to assume: (1) the appellant's education and work experience; (2) sedentary work; no vehicles; (3) no hazardous machinery; (4) restricted leg controls; (5) range of motion of neck, approximately half the normal; and (6) a full scale I.Q. of 77. *Record*, Vol. II at 45. The ALJ, however, did not request the expert to assume the claimant's anxiety or depression, both of which the ALJ found to be "severe impairments limiting the claimant's ability to work." *Record*, Vol. II at 11.

Referring to *Johnson v. Harris*, 612 F.2d 993 (5th Cir.1980), our court in a similar case to this one has said: "[w]e held that unless there was vocational expert testimony concerning the availability of jobs for a person with the claimant's educational level, work skills and experience and physical limitations, the decision of the ALJ, based significantly on the expert testimony, would be unsupported by substantial evidence." *Brenem v. Harris*, 621 F.2d 688,

---

1. The appellant claims he was not informed of the availability of free legal services, therefore, he did not waive his statutory right to representation.

690 (5th Cir.1980). *See also Cowart v. Schweiker,* 662 F.2d 731, 736 (11th Cir. 1981) ("Although there is no *per se* rule that a vocational expert be called to testify ... the ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not 'mere intuition or conjecture by the administrative law judge.' ").

In *Brenem, supra,* we observed that it is not proper for us "to assume that because the vocational expert was aware of [a claimant's] *psychological* problems, that he took them into consideration in answering hypothetical questions which referred only to *physical* impairments. Or at least, we have no basis for assuming that had these factors been included in the hypothetical questions his answer would have been the same." *Id.* at 690 (emphasis in original).

In this case, we cannot assume that the vocational expert would have answered in a similar manner had the ALJ instructed him to consider all of the appellant's severe impairments. Thus, we must conclude that the Secretary failed to meet its burden of showing that the appellant could perform other gainful employment in the economy. We hold that the Secretary's decision was not supported by substantial evidence.

Because the "misuse of the expert's testimony alone warrants reversal," we do not consider the appellant's other claims. *Western v. Harris,* 633 F.2d 1204, 1207 (5th Cir. Unit A 1981). Accordingly, we reverse the judgment of the district court, remand the case to that court, and direct the district court to remand the case to the Secretary for further proceedings in accordance with this opinion.

REVERSED and REMANDED.