Sandra E. ROBINSON, Plaintiff,

v.

Larry G. MASSANARI, Acting Commissioner of Social Security, Defendant.

No. CA 00–0862–RV–C.

United States District Court,
S.D. Alabama,
Southern Division.

June 26, 2001.

Gilbert B. Laden, Mobile, AL, for plaintiff.

Patricia Nicole Beyer, U.S. Attorney's Office, Mobile, AL, for defendant.

## ORDER

VOLLMER, Senior District Judge.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated June 6, 2001 is ADOPTED as the opinion of this Court.

## REPORT AND RECOMMENDATION

CASSADY, United States Magistrate Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits. This action has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and recommendation, and the arguments of the parties at the June 5, 2001 hearing before the Magistrate Judge, it is determined that the decision to deny benefits should be reversed and this cause remanded to the Commissioner of Social Security for further proceedings not inconsistent with this decision.

Plaintiff alleges disability due to fibromyalgia, complex sleep disorder, hypertension, cervical degenerative disease, bladder spasm and hypermobility, obstructive sleep apnea and depression. The Administrative Law Judge (ALJ) determined that the plaintiff retains "the residual functional capacity to perform work related activities except for work involving lifting and carrying more than 45 pounds occasionally or 25 pounds frequently[,]" and can therefore perform her past relevant work as a fast food worker and medical clerk-typist since those jobs do not "require the performance of work related activities precluded by the above limitation(s)[.]" (Tr. 26, Findings 5 & 6) The Appeals Council affirmed the ALJ's decision (Tr. 6–7) and thus, the

hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

■■■ In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen,* 810 F.2d 1001 (11th Cir.1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler,* 764 F.2d 834, 836 (11th Cir.1985).

■■■ The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform her past relevant work as a fast food worker and medical clerk-typist, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] deci-

sion." *Chester v. Bowen,* 792 F.2d 129, 131 (11th Cir.1986).[1]

The claimant contends that the ALJ committed reversible error by (1) failing to assign proper weight to the opinion of her treating physician Dr. Sidney Crosby and (2) by conducting a flawed credibility evaluation.

The focus of plaintiff's oral arguments on June 5, 2001, and the issue dispositive of the present appeal, is her contention that the ALJ failed to state the weight he accorded the opinions of Dr. Crosby, most particularly the doctor's opinion relative to her residual functional capacity ("RFC"), and the reasons therefor.[2] The following represents the totality of the ALJ's discussion of the medical evidence supplied by Crosby:

> Treatment notes from Dr. Sid Crosby dated July 22, 1997, indicated the claimant complained of a pressure type pain in her chest and she was assessed as having chest pain suggestive of angina. Her blood pressure reading was 140/88 (Exhibit 5F).

> . . . . .

> Dr. Sidney S. Crosby, upon completing a residual functional capacity questionnaire dated April 8, 1998, opined that the claimant could sit up to 30 minute intervals, stand up to 20 minute intervals, and walk up to 30 yards at a time. He reported that out of a total of 8 hours the claimant could sit or stand or walk about 2 hours. He reported that the claimant would need to take unscheduled breaks during an 8 hour day up to 4 times at 30 minute durations. He also

1. This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir.1987).

2. Because this issue is dispositive of this appeal, the undersigned need not consider the

credibility issue raised by the plaintiff. *Cf. Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir.1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

reported that the claimant would need to perform work that would allow for alternate sitting, standing or walking. Dr. Crosby reported that the claimant could occasionally lift up to 10 pounds and frequently up to 5 pounds, but could perform no repetitive reaching, handling, or fingering. He reported that the claimant would have ten percent "bad days." He reported that she would have to be absent from work as a result of her impairments or treatment up to three times monthly.

Reporting on the claimant's pain level, Dr. Crosby indicated that the claimant's pain was exacerbated with change in weather, cold, fatigue, movement and overuse, static position and stress. He reported that this pain often became severe enough to interfere with her attention and concentration and caused her to have marked limitations in her ability to deal with work stress. Reported that blurry vision was a side [effect] of her pain medication. Her (sic) reported that her daily pain levels were from 8 to 10 on a scale of 1 to 10 (Exhibit 16F).

(Tr. 18 & 20) The ALJ nowhere else in his decision specifically mentions anything about Dr. Crosby and his RFC findings. (*See* Tr. 16–27 (entirety of the ALJ's decision)) Rather, at best, the ALJ's decision can be read as an implicit rejection of Dr. Crosby's RFC findings with no specific reasons given for that implicit rejection. (*See* Tr. 22 & 23 ("[R]eviewing the overall record, the undersigned finds that the claimant's fibromyalgia has had more than a minimal impact on her ability to perform work activities and is considered to be 'severe' under the Regulations.... Reviewing the overall record, and particularly taking into consideration the BHS Work Center functional capacity evaluation ... the undersigned finds that the claimant retains the residual functional capacity [ ] of lifting up to 45 pounds occasionally and 20 pounds frequently, which is between the functional capacity of light and medium exertional type work."); Tr. 25 & 26 (finding that she retains the residual functional capacity to perform her past relevant work))

It is clear in the Eleventh Circuit that "the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary[,]" and that "[t]he ALJ must ... articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997) (citations omitted). Here the ALJ neither made an explicit finding as to the weight he was according the RFC opinion of Dr. Crosby, *see Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir.1987) ("In assessing the medical evidence in this case, the ALJ was required to state with particularity the weight he gave the different medical opinions and the reasons therefor."), who is admittedly plaintiff's primary treating physician, nor did he discredit that opinion, *see MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986) ("Where the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, we hold as a matter of law that he has accepted it as true."). The ALJ's error in this regard is particularly glaring in light of the vocational expert's testimony that "[b]ased on Dr. Crosby's assessment, Judge, I would say she could not perform her past relevant work and that there would be no other employment[ ] that she could perform based on his assessment." (Tr. 71; *see also* Tr. 70 & 275–280)

Because the ALJ failed to state the weight he was according the RFC opinion of Dr. Crosby and did not discredit that opinion, this cause is due to be remanded to the Commissioner of Social Security for

further proceedings not inconsistent with this decision.

### CONCLUSION

 The Magistrate Judge recommends that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan,* 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412. *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

June 6, 2001.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. *Objection.* Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc* ). The procedure for challenging the findings and recommendations

of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded).* Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required

before the United States will pay the cost of the transcript.