Andretta White COLEMAN, Plaintiff,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendants.

No. CIV.A.02–0251–CG–C.

United States District Court,
S.D. Alabama,
Southern Division.

May 9, 2003.

---

**42.** *See* Affidavit of W. Mark Gavre at 2.

Patricia Nicole Beyer, U.S. Attorney's Office, Mobile, AL, for Defendant.

Gilbert B. Laden, Mobile, AL, for Plaintiff.

## ORDER

GRANADE, Chief Judge.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated April 21, 2003, is **ADOPTED** as the opinion of this Court.

### *REPORT AND RECOMMENDATION*

CASSADY, United States Magistrate Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits. This action has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and recommendation, and the arguments of the parties at the March 7, 2003 hearing before the Magistrate Judge, it is determined that the decision to deny benefits should be reversed and this cause remanded for further proceedings not inconsistent with this decision.

Plaintiff alleges disability due to Graves' disease with Graves' ophthalmopathy, obesity, post-surgical hypothyroidism, pretibial myxedema, diabetes mellitus, gastroesophageal reflux disease, borderline intellectual functioning, atrial fibrillation, and cardiomyopathy. The Administrative Law Judge (ALJ) made the following relevant findings:

2. The claimant has impairments that impose more than a minimal limita-

tion on her ability to perform some basic work activities.[1]

3. The claimant's impairments, when considered individually or in combination, do not meet or equal the conditions set forth in any Listing of Impairment in 20 CFR 404, Subpart P, Appendix 1, for the duration period during any relevant time period.

4. The claimant has the residual functional capacity set forth in the body of this opinion.[2]

5. The claimant is not able to perform her past relevant work.

6. The claimant is 41 years old and has a limited education.

7. There are jobs that exist in significant numbers in the national economy that the claimant can perform, as described in the body of this opinion.[3]

8. The claimant has not been disabled under the Social Security Act at any time from the alleged onset date of disability through the date of this decision.

(Tr. 36–37 (footnotes added)) The Appeals Council affirmed the ALJ's decision (Tr. 5–

6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

■ In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir.1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform medium work

1. "The claimant's severe impairments include obesity; Graves' disease with Graves['] ophthalmopathy; post surgical hypothyroidism; pretibial myxedema; diabetes mellitus; gastroesophageal reflux disease[;] and borderline intellectual functioning." (Tr. 29)

2. "In this case, the evidence of record supports a finding that the claimant can perform medium work activities which involve frequently lifting and/or carrying objects weighing up to 25 pounds and occasionally lifting and/or carrying objects weighing up to 50 pounds. However, the claimant can perform no fine manipulation and is restricted from work activities involving continuous exposure to height and dangerous machinery. The claimant also has a visual limitation that would preclude her from near acuity, fine detail work, and she would be limited to unskilled, non-production pace work, as a result of her borderline intellectual functioning.

Such limitations do impose more than a minimal limitation on the claimant's ability to perform basic work activities. The State Agency experts concluded that she had no physical limitations, but additional evidence warrants a finding that her abilities are reduced to the medium exertional level." (Tr. 30)

3. "A vocational expert was asked whether a person of the claimant's age, education, past relevant work experience, and the ability to read at only the 3rd grade level, and with the residual functional capacity detailed above, could work. The vocational expert replied that a person with that profile could work in the jobs of janitor (750,000 in the national economy); maids (150,000 in the national economy)[;] and vehicle washer (40,000 in the national economy). These numbers constitute a significant number of jobs." (Tr. 36)

as a janitor, maid and vehicle washer, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen,* 792 F.2d 129, 131 (11th Cir.1986).[4]

The claimant contends that the ALJ committed reversible error by: (1) improperly discounting the medical evidence from her clinical psychologist, Dr. D. Kent Welsh; (2) improperly evaluating her credibility; (3) finding that she retains the residual functional capacity to perform medium work; and (4) improperly applying the law regarding the failure to follow prescribed treatment. Because the ALJ's finding that plaintiff maintains the residual functional capacity to perform medium work, as well as other related issues, is not supported by substantial evidence and requires remand of this case, this Court need not consider the other claims raised by plaintiff. *See Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir.1985) ("Because the misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

■ At the fifth step of the sequential evaluation process, the burden is on the Commissioner to establish capacity to perform other work and thereby to establish the claimant's residual functional capacity.

*See Foote v. Chater,* 67 F.3d 1553, 1559 (11th Cir.1995).[5] The ALJ determined that the plaintiff retains the residual functional capacity to perform a limited range of medium work; he found she could perform no fine manipulation, was restricted from work activities involving continuous exposure to heights and dangerous machinery, was unable to perform fine detail work due to her visual limitation, and was limited to unskilled, non-production pace work due to her borderline intellectual functioning. Medium work requires the ability to lift up to 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds; the ability to stand or walk, off and on, for a total of approximately six hours in an eight-hour workday; use of the arms and hands to grasp, hold and turn objects; and frequent bending/stooping. SSR 83–10; *see also* 20 C.F.R. § 404.1567(c) (2002).

■ The undersigned finds it unclear how the ALJ found plaintiff could meet the threshold physical requirements of medium work, in absence of a physical capacities evaluation ("PCE") completed by a treating or examining physician, particularly in light of plaintiff's numerous severe impairments. This Court has held on a number of occasions that the Commissioner's fifth-step burden cannot be met by a lack of evidence, or by the residual functional capacity assessment of a non-examining, reviewing physician, but instead must be supported by the residual functional capacity assessment of a treating or examining physician. Because no such assessment exists in this case, even though the consultative cardiologist the Social Se-

---

**4.** This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir.1987).

**5.** The ALJ in this case used the preferred method of demonstrating job availability when the grids are not controlling, that is,

vocational expert testimony. *Francis v. Heckler,* 749 F.2d 1562, 1566 (11th Cir.1985). As explained later in this decision, the ALJ misused the vocational expert's testimony because he failed to include all of the plaintiff's impairments and limitations in the hypotheticals posed to the vocational expert ("VE").

curity Administration sent plaintiff to, Dr. Benjamin Citrin, specifically recommended a stress test to assess functional capacity (Tr. 332; *compare id. with* Tr. 334 (Dr. Citrin did not complete the PCE sent to him by SSA because he felt a stress test need be conducted to assess functional capacity)), this case is due to be remanded for such assessment and any further proceedings not inconsistent with this decision. In addition, on remand, the ALJ need acknowledge that plaintiff suffers from severe heart impairments, namely atrial fibrillation and cardiomyopathy, and consider whether those severe impairments further limit plaintiff's ability to perform work activities.

■ Even if this Court had found the ALJ's RFC assessment supported by substantial evidence, this case would nonetheless still need to be remanded for further proceedings because the hypothetical questions the ALJ posed to the VE are not supported by substantial evidence. In *Pendley, supra,* 767 F.2d at 1562, the Eleventh Circuit held that a hypothetical question posed to VE must comprehensively describe the claimant's impairments and limitations. In this case, the ALJ failed to include in the hypotheticals posed to the VE that plaintiff "often" experiences deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner (in work settings or elsewhere), a functional limitation clearly found by the ALJ. (*Compare* Tr. 35 ("In terms of concentration, persistence, or pace, a rating of 'often' is warranted.") *with* Tr. 72–75 (hypotheticals posed to the VE by the ALJ)) Apparently the ALJ felt no need to identify this limitation in his hypotheticals because he found "often" to be "a term of art reflecting the mid-point on a five-point scale and is the functional equivalent of 'moderate[,]' " thereby simply warranting " a limitation to unskilled, non-production pace work." (Tr. 35) Such a conclusion is disingenuous, however, not

only because persuasive authority establishes that "often" means fifty percent (50%) of the time, not moderate, *Bankston v. Commissioner of Social Security,* 127 F.Supp.2d 820, 827 (E.D.Mich.2000) ("The levels of concentration impairment on the PRTF and in 20 C.F.R. § [404.]1520a(b)(3) are clearly divided into five separate categories: Never, Seldom, Often, Frequent, and Constant. 'Never' is obviously 0% of the time and 'Constant,' for purposes of this definition, is 100% of the time. Logic supports the conclusion that the other categories be divided equally by corresponding time factors which then give a range of concentration impairment. Thus, 'Never' = 0, 'Seldom' = 25%, 'Often' = 50%, 'Frequent' = 75%, 'Constant' = 100%. At the administrative hearing, Plaintiff's definition of 'often' as being one-third of the time was on the low side of the concentration definition table listed above. This Court's newly-adopted definition of 'often' affirms Plaintiff's claims that his deficiencies of concentration, persistence, or pace precluded him from performing even sedentary work, thus making him disabled under the Social Security Act."), but also in light of the VE's clear testimony that if the claimant did not perform adequately in an appropriate amount of time, she would not be able to maintain employment as a janitor, maid, or vehicle washer (Tr. 79 ("I mentioned the janitorial and maids, if an individual does not perform adequately as what the employer determines that they ought to do and in an appropriate amount of time, they would not be able to maintain that employment. The vehicle washer and equipment cleaner, if an individual did not in the appropriate amount of time, sufficiently wash the appropriate number of vehicles as determined by the employer, they would not be able to maintain that employment.")). Accordingly, it was error for the ALJ to fail to include the "often" limitation in the hypotheticals he posed to the VE. *Pendley, supra,* 767 F.2d at 1562;

*see also Jones v. Apfel,* 190 F.3d 1224, 1229 (11th Cir.1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."), *cert. denied,* 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000).

In light of the foregoing, the Magistrate Judge recommends that the Court find that the Commissioner failed to satisfy her fifth-step burden of showing that Coleman can perform jobs which exist in significant numbers in the regional and national economies, and remand this cause for further proceedings not inconsistent with this decision.

### CONCLUSION

The Magistrate Judge recommends that the decision of the Commissioner of Social Security denying plaintiff disability insurance benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan,* 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. *Objection.* Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals;

only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded).* Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.