[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 18, 2010
JOHN LEY
CLERK

No. 10-11829
Non-Argument Calendar
_____

D.C. Docket No. 8:08-cv-00805-JDW-TBM

BHARATT DIAL,

                                                          Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 18, 2010)

Before BARKETT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Bharatt Dial appeals from the district court's order affirming the Social Security Commissioner's denial of his application for disability insurance benefits, pursuant to 42 U.S.C. § 405(g). "We review the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation omitted).

In this case, the Administrative Law Judge ("ALJ") denied Dial's application on the ground that he could perform his past relevant work and other jobs in the regional economy. In reaching this conclusion, the ALJ relied exclusively on the testimony of a vocational expert ("VE"). However, it is undisputed that the ALJ failed to include all of Dial's employment limitations in the hypothetical questions posed to the VE. Thus, the VE's testimony did not constitute substantial evidence upon which the ALJ could rely. Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985).

Nonetheless, the district court found, and the Commissioner contends, that this error was harmless because, according to the job descriptions contained in the Dictionary of Occupational Titles ("DOT"), Dial's past relevant work and other jobs in the regional economy would not require him to perform duties inconsistent

with his employment limitations.  However, while the ALJ could have chosen to rely on the DOT, he instead relied only on the testimony of the VE, who was not instructed on all of Dial's limitations.  Thus, we cannot say that the ALJ's error was harmless.  Cf. Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (concluding that the ALJ's factual errors were harmless only because they were irrelevant to the ALJ's legal determination).

**VACATED AND REMANDED.**