[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13999
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:10-cv-00643-SDM-EAJ

DEBBIE MOORE,

                                                            Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 6, 2012)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Debbie Moore appeals the district court's order affirming the administrative law judge's ("ALJ") denial of disability insurance benefits ("DIB"), pursuant to 42 U.S.C. § 405(g). On appeal, Moore argues that the ALJ's hypothetical question posed to the vocational expert ("VE") did not include all of Moore's limitations. After review, we affirm.[1]

## I. BACKGROUND

### A. Five-Step Evaluation

In determining whether a claimant has proven that she is disabled, the ALJ must complete a five-step sequential evaluation. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). The claimant has the burden to prove that (1) she "has not engaged in substantial gainful activity," (2) she "has a severe impairment or combination of impairments," and (3) her "impairment or combination of impairments meets or equals a listed impairment." Id.

If the claimant's impairments do not meet or equal a listed impairment, the ALJ proceeds to step four and assesses "the claimant's residual functional capacity ('RFC')" and "ability to return to her past relevant work." Phillips v. Barnhart,

---

[1]We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation mark omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (quotation marks omitted).

357 F.3d 1232, 1238 (11th Cir. 2004). "[T]he regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments." Id. (citing 20 C.F.R. § 404.1545(a)). Finally, at the fifth step, the burden shifts to the ALJ to determine if there is other work available in significant numbers in the national economy that the claimant can perform. Id. at 1239.

**B. ALJ's Findings**

In Moore's case, the ALJ determined that Moore (1) had not engaged in substantial gainful activity since February 26, 2004, (2) has the severe impairments of degenerative disc disease of the lumbar spine and right knee pain, and (3) did not have an impairment or combination of impairments that meets or equals one of the impairments listed in the regulations.

At step four, the ALJ reviewed Moore's medical history, which included the medical reports of Dr. Ladapo Shyngle, a consulting physician. Dr. Shyngle opined, inter alia, that Moore (1) "could lift 10 pounds, sit 6 hours in an 8 hour workday, stand 2 hours in an 8 hour workday and walk 1 hour in an 8 hour workday," and (2) "needed a cane to ambulate and without the use of a cane could only walk 250 feet." In the RFC finding, the ALJ determined, "[a]fter careful consideration of the entire record, . . . that [Moore] has the residual functional capacity to perform light work activity with an occasional limitation for bending,

3

stooping, crouching and kneeling, but capable of performing routine, predictable tasks in an atmosphere that allows for a sit/stand option."[2] Based on the RFC finding, the ALJ determined that Moore could not perform her past relevant work as a housekeeper.

At step five, the ALJ asked a VE the hypothetical question whether any jobs exist for an individual "the same age, education and work experience as the claimant [and who] has the following residual functional capacity[:] capable of light work, with an occasional limitation from bending, stooping, crouching, kneeling, but capable of performing routine, predictable tasks in an atmosphere that allows for a sit/stand option." The VE opined that such an individual could perform jobs in small-products assembly, wrapping and packing, and merchandise marking. Moore's counsel cross-examined the VE and asked whether any jobs would exist for an individual with all of the above limitations and with the additional limitation that she would need to miss at least two days of work per

---

[2]To the extent Moore argues that the ALJ erred in the RFC assessment by substituting his own opinion for Dr. Shyngle's opinion as to limitations on Moore's ability to reach, Moore's argument lacks merit because the ALJ rejected that aspect of Dr. Shyngle's assessment on the ground that Dr. Shyngle's own notes did not support such a restrictive limitation. See 20 C.F.R. § 404.1527(d)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). Moore also abandoned this argument by failing to raise it in the district court. See Stewart v. Dep't of Health & Human Servs., 26 F.3d 115, 115 (11th Cir. 1994) ("As a general principle, this court will not address an argument that has not been raised in the district court.").

month. The VE responded that no jobs would remain. Moore's counsel did not ask about any limitations on the claimant's ability to walk.

Based on the VE's testimony, the ALJ determined that Moore could perform a significant number of jobs in the national economy and was therefore not disabled.

## II. DISCUSSION

On appeal, Moore argues that the ALJ's hypothetical question was incomplete because it did not expressly include the limitation that Moore was unable to walk on uneven ground at a reasonable pace and could walk only 250 feet without a cane.[3]

At step five of the evaluation process, the ALJ determines whether a claimant has the ability to adjust to other work in the national economy by applying the Medical Vocational Guidelines or by obtaining a VE's testimony. Phillips, 357 F.3d at 1239–40. "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises

---

[3]To the extent Moore argues that the ALJ's hypothetical to the VE failed to include limitations on her ability to reach and to crawl, we decline to address these arguments because Moore failed to raise them in the district court and because she abandoned them by mentioning them in her brief only in passing. See Stewart, 26 F.3d at 115 (refusing to address an argument not raised in the district court); Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (refusing to reach an issue mentioned only in passing in the brief filed by counsel because the issue had no supporting argument or discussion).

all of the claimant's impairments." Apfel, 190 F.3d at 1229.  In other words, if the hypothetical question posed by the ALJ does not comprehensively describe the claimant's impairments, the ALJ's denial of DIB, if based significantly on the VE's testimony, is not supported by substantial evidence.  Pendley v. Heckler, 767 F.2d 1561, 1562–63 (11th Cir. 1985).

We conclude that the ALJ's hypothetical question accounted for all of the limitations stemming from Moore's impairments.  The ALJ's hypothetical question limited the available jobs to those that required "performing routine, predictable tasks in an atmosphere that allows for a sit/stand option."  Although the ALJ did not expressly include the conditions that Moore could not walk on uneven ground and could walk only 250 feet without a cane, the "sit/stand option" expressly limited the available jobs to those permitting constant access to a chair. See Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (noting that "hypothetical questions adequately account for a claimant's limitations . . . when the questions otherwise implicitly account for [the] limitations.").  Because the hypothetical question comprehensively described Moore's impairments, the VE's testimony constituted substantial evidence. See Pendley, 767 F.2d at 1562–63.

**AFFIRMED.**

6