[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11652
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-00611-JSM-TBM


JAMES L. JONES,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 12, 2012)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

James Jones appeals the district court's order affirming the Administrative Law Judge's ("ALJ") denial of disability insurance benefits ("DIB") and supplemental security income ("SSI"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). On appeal, Jones argues that the ALJ failed to include all of his limitations, specifically his inability to drive, when the ALJ posed his hypothetical questions to the vocational expert ("VE"), and that such error was not harmless.

We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

In determining whether a claimant has proven that he is disabled, the ALJ must complete a five step sequential evaluation process. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The claimant has the burden to prove that (1) he "has not engaged in substantial gainful activity," (2) he "has a severe impairment or combination of impairments," (3) his "impairment or combination of impairments meets or equals a listed impairment," and (4) he "is unable to perform [his] past relevant work." *Id.* At the fifth step, the burden shifts to the ALJ to determine if there is other work available in significant numbers in the national

2

economy that the claimant can perform. *Id*. If the Commissioner demonstrates that there are jobs that the claimant can perform, the claimant must prove that he is unable to perform those jobs in order to be found disabled. *Id.*

An ALJ determines whether a claimant has the ability to adjust to other work in the national economy by applying the Medical Vocational Guidelines or by obtaining a VE's testimony. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004). "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones*, 190 F.3d at 1229. Where the hypothetical question posed by the ALJ does not comprehensively describe the claimant's impairments, the ALJ's denial of DIB or SSI, if based significantly on the VE's testimony, is not supported by substantial evidence. *Pendley v. Heckler*, 767 F.2d 1561, 1562-63 (11th Cir. 1985). An ALJ's errors in conducting the five step evaluation process may be harmless if they do not prejudice the claimant. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

According to the DOT, the position of final assembler is considered "sedentary work," meaning it requires the exertion of up to 10 pounds of force occasionally, a negligible amount of force frequently, and sitting most of the time. Dictionary of Occupational Titles § 713.687-018. The DOT specifically states

3

that it does not require proximity to moving mechanical parts. *Id.* The position of lens-block gauger is also described as "sedentary work" and does not require proximity to moving mechanical parts. *Id.* § 716.687-030. Likewise, the position of food and beverage order clerk is also described as "sedentary work" and does not require proximity to moving mechanical parts. *Id.* § 209.567-014. The DOT is silent about whether any of these positions involve driving. *See id.* §§ 713.687-018, 716.687-030, 209.567-014.

After going through the first four steps and before turning to the fifth step, the ALJ summarized his findings as:

> In sum, the above residual functional capacity assessment is supported by the longitudinal treatment record, the effectiveness of the claimant's treatment and medication regimen, as well as the opinions of the State agency, consultative examining, and treating physicians. The claimant's seizure disorder does provide limitations in his ability to work around hazards, temperature extremes, and to climb as evidenced by the medical evidence of record and his testimony at the hearing. The claimant's abilities to function independently coupled with the success of his treatment regimen belie his claims of total disability. I further note the inconsistencies of the claimant's testimony and the documented medical evidence regarding the frequency of the claimant's seizures and his non-compliance with medication and treatment instructions (Exhibit 1F). The lack of objective medical evidence to indicate seizures and side effects of the severity alleged by the claimant further undermines the claimant's allegation of total disability. However, recognizing the claimant's limitations due to medication side effects and seizures, I have reduced the claimant's residual functioning capacity to light work with additional restrictions.

4

*Jones v. Comm'r of Soc. Sec.*, No. 8:11-cv-611-JSM-TBM, at 8-9 (M.D. Fla. Jan. 3, 2012) (Report and Recommendation).

The ALJ then turned to step five and posed questions to the VE. Here, the ALJ did not specifically ask the VE to assume that the hypothetical claimant was unable to drive. Contrary to the Commissioner's argument on appeal, the limitation on being exposed to moving machinery does not necessarily encompass Jones's driving restriction. The ALJ failed to express and include the driving limitation in the hypothetical. Since the hypothetical question did not comprehensively describe Jones's impairments, the VE's testimony may not constitute substantial evidence upon which the ALJ could base his opinion. *See Jones*, 190 F.3d at 1229; *Pendley*, 767 F.2d at 1562-63. However, the ALJ's failure to include the driving limitation in the hypothetical posed to the VE is harmless. As the Commissioner and magistrate judge noted, the functional requirements of the jobs identified by the VE–final assembler, lens-block gauger, and food and beverage order clerk–do not appear to involve driving. Moreover, Jones makes no argument that the essential function of any of these jobs includes driving. Therefore, the ALJ's failure to include the driving limitation was harmless because it did not affect the outcome of Jones's case. *See Diorio*, 721

5

F.2d at 728.

**AFFIRMED.**