[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14669
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-01913-DNF

CARETTA KNIGHT,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 3, 2019)

Before TJOFLAT, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

Caretta Knight appeals the district court's order affirming the final decision of the Social Security Commissioner denying her application for disability and supplemental security income ("SSI") benefits.  Knight argues on appeal that the Administrative Law Judge ("ALJ") erred in assessing her educational level by (1) stating in his written decision that she had a high school education, and (2) finding that she had a ninth-grade, or limited, education, rather than a marginal education. For the following reasons, we affirm the denial of benefits.

I.

Knight applied for disability and SSI benefits in June 2014, alleging a disability onset date of March 21, 2013, due to various medical ailments.  Knight answered "9th grade" when asked to select "the highest grade of school completed."  She also answered "no" to a question asking if she had attended special education classes.

On September 12, 2016, the ALJ held a disability hearing, at which Knight was represented by counsel.  At the hearing, Knight testified that she "finished the ninth grade," and had attended a few months of tenth grade, but that she often had issues with comprehension and understanding her teacher.  She also testified that she was in special-education classes.[1]  At the hearing, the vocational expert ("VE")

---

[1] After the hearing, Knight submitted her academic records.  These records did not reflect enrollment in special education classes.

testified that Knight had a ninth-grade education. He also testified about jobs that existed in the national economy that a person like Knight could perform considering Knight's age, education, and work experience, and certain hypothetical limitations.  The limitations were that Knight could work at a sedentary level, with such work restricted to only occasionally being able to climb and only performing unskilled work with a specific vocational preparation ("SVP") level of 1 or 2 that entailed no more than simple, routine, repetitive tasks.

The ALJ denied disability and SSI benefits in his October 11, 2016, decision.  After carefully considering the entire record, the ALJ found that despite some impairments Knight had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a),[2] and could perform unskilled work with an SVP level 1 or 2.  The ALJ found that Knight was able to perform only simple, routine, repetitive tasks, and in making that finding, the ALJ noted that Knight was "a 48-year-old female, with a ninth-grade education."  Later in the decision, however, the ALJ concluded that Knight had "at least a high school education."

---

[2] "(a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

The ALJ concluded that, considering Knight's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that she could perform. In making this finding, the ALJ recalled that the VE testified that Knight would be able to perform the occupational requirements of, for example, an order clerk for food and beverage, a microfilm document preparer, or an addresser. The ALJ determined that the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles. Based on the VE's testimony, the ALJ concluded that Knight was "capable of making a successful adjustment to other work that exist[ed] in significant numbers in the national economy." The ALJ therefore found that Knight was not disabled. On June 14, 2017, the Appeals Council denied Knight's request for review.

Knight then challenged the ALJ's decision before the district court and consented to proceed before a magistrate judge. In a memorandum opinion and order, the magistrate judge affirmed the decision that Knight was not disabled. As relevant to this appeal, the magistrate judge acknowledged that the ALJ's numbered finding that Knight had "at least a high school education" was incorrect, but found that the mistake appeared to be "typographical given the ALJ's acknowledgement in the body of the decision that [Knight] had a ninth grade education" so the error was harmless.

4

Knight appealed to this Court, asserting that the ALJ erred in assessing her educational level. She alleges that there is not substantial evidence to support a finding that she has a ninth-grade education versus a marginal education. She asks us to reverse and remand the ALJ's decision with directions to the Commissioner to determine her functional grade level, and, if that level is different than her numerical grade level, to take additional vocational testimony.

## II.

We review the Commissioner's legal conclusions *de novo* and we review factual findings to determine whether they are supported by substantial evidence. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). An erroneous statement of fact by the ALJ is harmless error where the error does not affect the outcome of the proceedings. *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

In determining whether a claimant is entitled to disability benefits, an ALJ engages in a five-step process.[3] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In

---

[3] The ALJ first determines whether the claimant is currently working. 20 C.F.R. §§ 404.1564(a), 416.964(a). If she is not currently working, then step two asks whether she has "a severe medically determinable physical or mental impairment that meets" certain duration requirements

the fifth step, the only one at issue here, the ALJ must determine whether—

considering the claimant's residual functional capacity, age, education, and work

experience—she can adjust to other work.  *Id.*  A claimant's education means her

"formal schooling or other training that contributes to" her ability to meet

vocational requirements such as reasoning ability, communication skills, and

arithmetical ability.  20 C.F.R. §§ 404.1564(a), 416.964(a).  A claimant's formal

education that she completed many years before her impairment began, or unused

skills and knowledge that she gained from her formal education, may not

meaningfully contribute to her ability to work.  *Id.*  Accordingly, the numerical

grade level that a claimant completed may not represent her actual educational

abilities, which may be higher or lower.  *Id.*  Nonetheless, the SSA will use a

claimant's numerical grade level to determine her educational abilities where there

is no other evidence to contradict it.  *Id.*

The SSA has established several categories to assist in evaluating a

claimant's educational level.  20 C.F.R. §§ 404.1564(b), 416.964(b).  Relevant to

this appeal, a claimant has a "marginal education" if she has an ability in

---

"or a combination of impairments that is severe and meets the duration requirement."  *Id.*  If she does have such an impairment, the ALJ proceeds to step three, which asks whether the impairment meets certain severity requirements.  *Id.*  If the impairment is sufficiently severe, then the ALJ must determine, in step four, whether the claimant possesses sufficient RFC to continue doing her past relevant work.  *Id.*  Finally, if the claimant does not possess the RFC to do her past relevant work, step five requires the ALJ to determine whether—considering the claimant's RFC, age, education, and work experience—she can adjust to other work.  *Id.*

reasoning, arithmetic, and language skills that allow her to perform simple, unskilled jobs. *Id.* §§ 404.1564(b)(2), 416.964(b)(2). Generally, the SSA considers formal schooling at a sixth-grade level or less as marginal education, which is needed to do "simple unskilled types of jobs." *Id.* In contrast, a claimant has a "limited education" if she has an ability in reasoning, arithmetic, and language skills, but not such that would permit her to perform most of the more "complex job duties needed in semi-skilled or skilled jobs." *Id.* §§ 404.1564(b)(3), 416.964(b)(3). The SSA generally considers formal schooling at the seventh-grade through eleventh-grade levels as a limited education. *Id.*

At the fifth step of the sequential analysis, the burden shifts to the Commissioner to determine whether there is other work available "in significant numbers in the national economy that the claimant could perform in spite of his impairments."[4] *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). If such jobs exist, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1); *id*. § 416.920(a)(4)(v), (g)(1). While the Commissioner may prove the existence of jobs that the claimant can perform through VE testimony, in order for the ALJ to rely on the VE's testimony regarding hypothetical jobs that the claimant could perform, the ALJ must pose a

---

[4] The claimant bears the burden in the first four steps of the analysis. *Washington*, 906 F.3d at 1359.

hypothetical that adequately describes the claimant's impairments and accurately references her educational level, age, work skills, and experience. *See Pendley v. Heckler*, 767 F.2d 1561, 1562–63 (11th Cir. 1985).

### III.

Here, our affirmance is appropriate for several reasons. First, the ALJ's statement in his written decision that Knight had "at least a high school education" is harmless error. *See Diorio*, 721 F.2d at 728. As Knight acknowledges in her brief, the statement is contradicted elsewhere in the decision. Second, substantial evidence supports the ALJ's finding that Knight had a ninth-grade education: (1) her July 2014 disability report states that she completed the ninth grade and did *not* attend special-education courses; (2) she testified that she had completed the ninth grade and attended some of the tenth grade; (3) although Knight testified that she had been in special-education classes her school records do not indicate that she took special-education courses; and (4) her school records do not otherwise indicate that she functioned significantly below grade level. Lastly, even if Knight's school records had indicated that she had only a marginal education, the VE identified only unskilled jobs for which a marginal education is sufficient. *See* 20 C.F.R. §§ 404.1564(b)(2), 416.964(b)(2). Thus, any error the ALJ may have committed in finding that Knight had a limited education—instead of a marginal

education—was harmless.  *See Diorio*, 721 F.2d at 728.  Accordingly, we affirm the Commissioner's denial of benefits.

**AFFIRMED.**